UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

```
-------------------------------------------------------x
DEBORAH THOMAS,                          :
an individual,                           :   CASE NO.:
                                         :
          Plaintiff,                     :
                                         :   Judge:
vs.                                      :
                                         :
                                         :   Magistrate:
                                         :
GREENFIELD PLAZA, INC.,                  :
                                         :
          Defendant.                     :
-------------------------------------------------------x
```

## COMPLAINT

Plaintiff, DEBORAH THOMAS, by and through her undersigned counsel, hereby files this Complaint and sues GREENFIELD PLAZA, INC. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and injunctive relief, money damages, and attorneys fees and costs pursuant Article 3 of Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101, *et. seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. This is also an action for damages, declaratory and injunctive relief, and attorneys fees and costs pursuant to Article 3 of Michigan's Persons with Disabilities Civil

    Rights Act, Mich. Comp. Laws § 37.1101, *et. seq*. The Court is vested with supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367 as this claim arises out of the same case or controversy as Plaintiff's federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, DEBORAH THOMAS, (hereinafter referred to as "MS. THOMAS"), is a resident of East Baton Rouge Parish, Louisiana.

5. MS. THOMAS was born and raised in Detroit, Michigan. MS. THOMAS lived in Detroit, Michigan prior to moving to Tampa, Florida in 2003 and later to Baton Rouge, Louisiana in 2012.

6. MS. THOMAS frequently travels from Baton Rouge, Louisiana to Detroit, Michigan to visit friends and family. MS. THOMAS has numerous family members in Detroit, Michigan.

7. In addition to visiting Detroit, Michigan to see family and friends, MS. THOMAS also travels to Detroit, Michigan to visit a doctor who is a specialist and regularly treats MS. THOMAS.

8. MS. THOMAS intends on continuously traveling to Detroit, Michigan for the purpose of visiting family, friends, and doctor's appointments.

9. MS. THOMAS is a qualified individual with a disability under the ADA. MS. THOMAS is afflicted with paraplegia.

10. Due to her disability, MS. THOMAS is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MS. THOMAS is unable to walk, stand, or use her legs without assistance.

11. Upon information and belief, DEFENDANT is a corporation organized in the State of

Michigan and having the registered office of 31800 Northwestern Highway, #350, Farmington Hills, Michigan 48334.

12. Upon information and belief, DEFENDANT is doing business in Oakland County and owns real property in Oakland County.

13. Upon information and belief, DEFENDANT is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: Greenfield Plaza, located at the address 22555 Greenfield Road, Southfield, Michigan 48075. (hereinafter referred to as "the Property").

14. The Property is a shopping center and contains tenants, such as a Leo's Coney Island.

15. DEFENDANT is obligated to comply with the ADA.

16. All events giving rise to this lawsuit occurred in the Eastern District of Michigan, Oakland County, Michigan.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

17. MS. THOMAS realleges and reavers Paragraphs 1 - 16 as if they were expressly restated herein.

18. The Property is a place of public accommodation, subject to the ADA, generally located at: 22555 Greenfield Road, Southfield, Michigan 48075.

19. Upon information and belief, MS. THOMAS has visited the Property in the past and desires to visit the Property again in the near future.

20. Upon information and belief, MS. THOMAS' most recent visit prior to filing the original

Complaint when she observed or encountered the barriers discussed in Paragraph 26 was on May 15, 2015.

21. During these visits, MS. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 26 of this Complaint.

22. MS. THOMAS continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraphs 26 which still exist.

23. When she travels to Detroit, MS. THOMAS stays at 10101 Troy Street, Oak Park, Michigan, 48237. While staying in Detroit, MS. THOMAS stays approximately 2.4 miles from the Property.

24. MS. THOMAS plans on returning to the Property to shop for goods and to patronize the Leo's Coney Island.

25. MS. THOMAS intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subjects of this action.

26. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MS. THOMAS due to, but not limited to the following violations which MS. THOMAS personally observed and/or encountered which hindered her access:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A. In front of the Leo's Coney Island store, there is an

                accessible-designated parking space which is not connected to the rest of the Property via an curb cut. Instead, access onto the promenade from the parking facility is blocked by an approximate one (1) change in level.

       B.    In front of the Nu Wave Fish & Chicken store, there is an accessible-designated parking space which is not connected to the rest of the Property via an curb cut. Instead, access onto the promenade from the parking facility is blocked by an approximate one (1) change in level.

       C.    To the north of the Family Dollar Store, there is a parallel curb ramp which contains cracked and broken concrete, which makes the transition abrupt.

       D.    In the parking facility near the Family Dollar Store, there is a bank of four accessible-designated parking spaces which have an excessive cross slope.

27. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

28. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

29. Upon information and belief, removal of the barriers to access located on the Property

would provide MS. THOMAS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

30. Independent of her intent to return as a patron to the Property, MS. THOMAS additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

31. MS. THOMAS has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. THOMAS is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

32. Plaintiff realleges paragraphs 1-31 as if fully set forth herein.

33. DEFENDANT'S Property is a place of public accommodation as defined by Article 3 of Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101, *et. seq*. Michigan law prohibits the same discriminatory conduct as the ADA.

34. Therefore, by violating Title III of the ADA as set forth in paragraphs 1 through 31, DEFENDANT has violated Michigan's Persons with Disabilities Civil Rights Act and is liable to MS. THOMAS.

35. Upon information and belief, as a result of the aforementioned discrimination, MS. THOMAS has sustained emotional distress, mental anguish and suffering, and invasion of her civil rights, in violation of the Michigan Persons with Disabilities Civil Rights Act.

WHEREFORE, MS. THOMAS demands judgment against DEFENDANT, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA and the Michigan Persons with Disabilities Civil Rights Act;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. THOMAS;

D. That this Court award MS. THOMAS damages for her emotional distress, mental anguish and suffering, and for DEFENDANT's invasion of her civil rights; and

E. Other relief as this Court deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

/s/ Garret S. DeReus
    Garret S. DeReus

***AND***

Jeremy F. Fisher (P70167)
Second Chance Legal Services
12434 E. 12 Mile Rd.
Suite 102
Warren, MI 48093
(586) 806-2701
scls.ecfdocs@yahoo.com